# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| NANCY W. DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:13-cv-1972-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| EUGENE MOSS ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff Nancy W. Davidson's ("Davidson") motion for reconsideration. Davidson seeks reconsideration of the court's February 2, 2015 order in which the court denied her motion for summary judgment and granted defendant Eugene Moss Robertson's motion for summary judgment.

The Fourth Circuit has recognized three grounds for amending an earlier judgment under Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (citation and internal quotation marks omitted). A motion for reconsideration "is not a license for a losing party's attorney to get a second bite at the apple." Bey v. Shapiro Brown & Alt, LLP, 997 F. Supp. 2d 310, 321 (D. Md. 2014) (citing Shields v. Shetler, 120 F.R.D. 123, 125-26 (D. Colo. 1988)).

1

Davidson's motion primarily rehashes arguments that she has previously made and the court has already rejected. However, the court briefly considers two arguments that are unique to her motion for reconsideration.

First, Davidson argues that the court should certify several questions to the South Carolina Supreme Court because South Carolina law is "clearly insufficient" to decide whether an easement existed. The court finds that South Carolina law is more than sufficient to answer that question.

The court's prior ruling with regard to the creation of an easement can be summarized with a familiar idiom: "It takes two to tango." An easement may be created by express grant. 25 Am. Jur. 2d Easements and Licenses § 15. Easements by grant require two individuals – a grantor and a grantee. See Black's Law Dictionary (9th ed. 2009) (defining "grant" as "[a]n agreement that creates a right or interest in favor of a person or that effects a transfer of a right or interest from one person to another." (emphasis added)); Harbour v. S.C. Dep't of Parks, Recreation & Tourism, 659 S.E.2d 151, 154 (S.C. 2008) (defining "easement" as "a right of use over another's property." (emphasis added)); Haselden v. Schein, 166 S.E. 634, 635 (S.C. 1932) (holding that without a grantee, "[t]he essential ingredient of a right of way would be wanting; it would not be a right of way over another's land, but over his own land." (citing Pearce v. McClenaghan, 39 S.C.L. (5 Rich.) 178, 187 (Ct. App. L. 1851))); Ten Woodruff Oaks, LLC v. Point Dev., LLC, 683 S.E.2d 510, 513-14 (S.C. Ct. App. 2009) ("Whether a grant in a written instrument creates an easement and the type of easement created are to be determined by ascertaining the intention of the parties as gathered from the language of the instrument . . . ." (emphasis added)); Smith v. Comm'rs of Pub. Works of City of

2

Charleston, 441 S.E.2d 331, 335 (S.C. Ct. App. 1994) ("An easement is the right of <u>one person</u> to use the land of <u>another</u> for a specific purpose." (emphasis added)).

South Carolina law is excruciatingly clear that creation of an easement requires a grantee. The cases cited by Davidson in her motion for reconsideration are not to the contrary. In <u>Hynes Family Trust v. Spitz</u>, 682 S.E.2d 831 (S.C. Ct. App. 2009), the court found that a declaration of restrictive covenants recorded when the dominant and servient estates were owned by the same party created an express easement. <u>Id.</u> at 833-34. However, the court did not indicate that the filing of the declaration, without more, created the easement. Rather, implicit in the court's decision is that the easement was only created because, at the time the estates were divided, the declaration evidenced the parties' intent to create an easement. The court specifically noted that "[r]estrictive covenants upon real estate . . . bind the <u>parties</u> thereto just like any other contract." <u>Id.</u> at 833 (emphasis added). Davidson also cites to <u>Smith</u>, in which the court similarly found that an agreement between two parties created an express easement. 441 S.E.2d at 336.

Unlike the parties in <u>Hynes</u> and <u>Smith</u>, Davidson has not presented any evidence that the Gobles, the grantors, ever intended to convey an easement over Lot 19 to any particular grantee. When the October 2001 and March 2002 plats were filed, there was no grantee to create a right in favor of. By the time Lot 20 was conveyed to Bobby R. Creech, Jr., there was no evidence whatsoever that the parties intended to create an easement. Therefore, the October 2001 and March 2002 plats did not create an easement and it is unnecessary to certify questions to the South Carolina Supreme Court.

Davidson also argues that the court should reconsider its holding with regard to her causes of action asserting zoning violations because she has sufficiently shown that

3

she has suffered special damages – namely, a reduction in the value of her property.  Pl.'s Mot. 11.  She bases this argument on her "assertion in her motion that her property value had been reduced by the zoning violations."  Id. at 12.

The court acknowledges that "[u]nder South Carolina law, a property owner is generally qualified by the fact of ownership to give her estimate concerning the value of her property unless the owner's lack of qualification is so complete as to render that testimony entirely worthless."  State v. Brown, 740 S.E.2d 493, 498 (S.C. 2013) (citing Seaboard Coast Line R.R. v. Harrelson, 202 S.E.2d 4, 5 (S.C. 1974)).  However, "[l]egal memoranda, in the summary judgment context, are not evidence and do not support a finding that there is no genuine issue for trial."  Harrelson v. Stride Rite Children's Grp., LLC, No. 4:10-cv-02048, 2012 WL 694033, at *2 (D.S.C. Mar. 5, 2012); see also I.N.S. v. Phinpathya, 464 U.S. 183, 188 n.6 (1984) (declining to consider "[c]ounsel's unsupported assertions in respondent's brief" as evidence); Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."); Skyline Corp. v. NLRB, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence.").  A conclusory statement by Davidson's counsel in his motion is clearly insufficient to survive summary judgment.

The court rejects remainder of Davidson's arguments for the same reasons articulated in its February 2 order.  After careful review of its February 2 order, Davidson's motion for reconsideration, and South Carolina law, the court finds no reason to reconsider its earlier order.  Therefore, the court **DENIES** plaintiff's motion for reconsideration.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 10, 2015**
**Charleston, South Carolina**